CLD-223                                                                                                          NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-1872
_____

JAMES MURRAY,
                                        Appellant

v.

B.A. BLEDSOE; UNITED STATES OF AMERICA.
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil No. 10-00576)
District Judge:  Honorable Richard P. Conaboy
_____

Submitted for Possible Summary Action Pursuant
to Third Circuit LAR 27.4 and I.O.P. 10.6
June 17, 2010

Before: BARRY, FISHER and GREENAWAY, <u>Circuit</u> <u>Judges</u>.

(Filed:July 8, 2010)
_____

OPINION
_____

PER CURIAM

    In March 2010, James Murray, a federal prisoner, filed a petition for a writ of

habeas corpus pursuant to 28 U.S.C. § 2241 seeking immediate release from "24 hour a

day custody in cell confinement" at USP Lewisburg and a transfer to the "F-2 unit" at

another penitentiary. At the same time, Murray filed a motion to enjoin certain government officials from changing his custody status or taking any retaliatory action against him for filing the habeas petition. Murray presented no facts or background to explain the basis for his claim for relief,[1] and his petition consists mainly of the following statements:

> Petitioner's custody in cell confinement is that of an individualist. Petitioner's custody in cell confinement is not voluntary. Petitioner's custody in cell confinement is not made mandatory by congressional mandate. Petitioner's custody in cell confinement has not received the written approval of the United States Attorney General Eric Holder. Petitioner's custody in cell confinement is excessive.

(Habeas Pet. at 2-3.)

---

[1]In his habeas petition, Murray also stated that an administrative request for immediate release from 24-hour-a-day cell confinement had been denied, referring the District Court to a document he filed in a case before the United States Court of Appeals for the Sixth Circuit, Murray v. Rios, et al., C.A. 09-5353. Review of that document, and others filed in the Sixth Circuit case, do not shed much additional light on Murray's present claim.

Murray filed pleadings in the Sixth Circuit alleging that United States Bureau of Prisons ("BOP") officials were hindering his efforts to pursue administrative remedies for grievances and were going to transfer him to a Special Management Unit ("SMU") at USP Lewisburg in retaliation for pursuing his "rights." The document to which he referred the District Court is a letter to the Director of the BOP, in which Murray makes recommendations for changes in the administration of SMUs. (See C.A. 09-5353, doc. # 00617114177.) About one month before he filed his habeas petition, Murray filed a "Notice" in his Sixth Circuit case stating that he has been in the SMU program at USP-Lewisburg since August 2009 and that prison officials unlawfully moved him from a "cell with a shower" to a "cell with no shower, etc. because he has decided not to take part in the U.S.P. Lewisburg SMU program for legitimate reasons." (See C.A. 09-5353, doc. # 00619242562.) None of these documents refer to the 24-hour-a-day cell confinement for which he presently seeks habeas relief.

A few days after the petition was filed, the District Court dismissed it, concluding that Murray's claim was not cognizable under § 2241 because he did not challenge the legality or duration of his confinement, or the execution of his sentence, but rather an allegedly improper condition of his confinement. The dismissal was ordered without prejudice to the filing of a civil rights complaint. The District Court also dismissed Murray's motion for a preliminary injunction without prejudice. Murray filed this timely appeal.

We have jurisdiction over this appeal under 28 U.S.C. § 1291. We exercise plenary review over the District Court's legal conclusions, and review any factual findings for clear error. See Vega v. United States, 493 F.3d 310, 314 (3d Cir. 2007). Murray contends that his claim for release from the allegedly unlawful 24-hour-a-day cell confinement is properly brought in a habeas petition under § 2241. We, however, agree with the District Court that his claim does not lie at the "core of habeas" and is thus not cognizable under § 2241.

Murray's complaint regarding cell confinement does not challenge the fact or duration of his imprisonment, which is the essence of habeas. See Preiser v. Rodriguez, 411 U.S. 475, 484, 487 (1973). As we have explained:

> [W]henever the challenge ultimately attacks the 'core of habeas' -- the validity of the continued conviction or the fact or length of the sentence -- a challenge . . . must be brought by way of a habeas corpus petition. Conversely, when the challenge is to a condition of confinement such that a finding in plaintiff's favor would not alter his sentence or undo his conviction, a [civil rights action] is appropriate.

3

Leamer v. Fauver, 288 F.3d 532, 542 (3d Cir. 2002). Murray's claim has no bearing on the validity of his conviction, nor does he claim that he is entitled to a speedier release from prison. Furthermore, he has not raised a claim that involves the execution of his sentence as contemplated in Woodall v. Fed. Bureau of Prisons, 432 F.3d 235, 243-44 (3d Cir. 2005). We thus agree with the District Court that his claim is a challenge to the conditions of his confinement that would be appropriately brought in an action under Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics, 403 U.S. 388 (1971).

Because no substantial question is presented by this appeal, the District Court's order dismissing the petition without prejudice will be summarily affirmed. See 3d Cir. L.A.R. 27.4; 3d Cir. I.O.P. 10.6.